## AS TO THE ENFORCEMENT OF GRADE CROSSING ELIMINATION AGREEMENTS.

Common Pleas Court of Cuyahoga County.

JOHN N. STOCKWELL, DIRECTOR OF LAW OF THE CITY OF CLEVELAND, v. THE NEW YORK, CHICAGO & ST. LOUIS RAILROAD CO.

Decided, September 17, 1915.

*Grade Crossings—Invalidity of the Feature of the Act Which Attempts. to Confer Judicial Power—Answer of Railway Company Alleging Inability to Comply With its Agreement—Held to be Good Against Demurrer—Section 8866.*

1. The attempt, embodied in Section 8866 of the grade crossing act, to invest with the force and effect of a judicial decree an ordinance embodying an agreement between a municipality and a railway company relative to the elimination of grade crossings, is without constitutional warrant; but acting under this statute a court, upon being satisfied as to the action of council with reference to elimination of grade crossings and concurrence therein of the defendant railway company, may cause to be spread upon its journal a decree which shall have the effect of a judicial determination as to the execution of the agreement and its terms and conditions.

2. While a court is vested with wide power with reference to the enforcement of such agreements, an answer by the railway company, that owing to conditions developing subsequent to the agreement entered into between the company and the municipality it is unable to raise sufficient money to meet its share of the expense involved in such grade crossing eliminations, affords ground for the court to decline to take drastic action and is good against demurrer.

*John N. Stockwell,* for plaintiff.
*White, Johnson, Cannon & Neff,* contra.

NEWBY, J.; FORAN, J., concurs.

On May 6, 1915, John N. Stockwell, as director of law of the city of Cleveland, for and on behalf of said city, filed in this court, under and by virtue of Section 8866, General Code, an

application for an order enforcing the terms of an agreement to eliminate certain grade crossings, made and entered into by and between the city of Cleveland and the defendant, the New York, Chicago & St. Louis Railroad Company.

The application shows that the necessary legal preliminaries to eliminate certain grade crossings had been taken, and the necessary ordinances passed before the 21st day of August, 1914, on which day the defendant railroad company, through its duly authorized president, W. H. Canniff, accepted the conditions of the ordinance passed by the city of Cleveland to eliminate said grade crossings. Upon a hearing before Foran, J., presiding in room No. 1, it was held that the application for the issuance of a citation prayed for in the application filed, ordering the defendants to appear at a date certain and show cause why a final order as prayed for in the application filed, ordering the defendants to appear at a date certain and show cause why a final order as prayed for in said application should not issue, was refused.

It was ordered by the court that the application filed by John N. Stockwell should stand for and as a motion to enter of record, as an order and decree of this court, the ordinance and acceptance thereof by the defendant railroad company, filed with said application; and it was further ordered that the defendants file their answer to the said application before the 12th day of May, 1915, and that the application be set for hearing on the 18th day of May, 1915.

The answer was filed and the hearing had before the Honorable Cyrus Newby, Common Pleas Judge of Highland County, and M. A. Foran, judge of the Court of Common Pleas of Cuyahoga County

The answer filed, in effect, admits that the agreement was made and entered into by the railroad company to eliminate the grade crossings specified in the application, and that the defendant had accepted the ordinance to eliminate said crossings; but the answer averred that, owing to conditions arising after such acceptance and making of said agreement, it was unable now to raise sufficient money to pay its proportion of the expense necessary to make said grade crossing elimination.

A demurrer by way of objection to any testimony being intro-duced under this answer was interposed by the city of Cleveland, and the matter was heard upon said demurrer.

The filing in court of the resolution of council, with the railroad company's acceptance, did not give the contract created thereby the effect of a decree of this court, notwithstanding the provision of Section 8866 of the General Code that the filing should have that effect, for the reason that forming and issuing a decree of court is a judicial act—the exercise of judicial power. And since the Constitution has vested the judicial power of the state in the courts exclusively, it is not competent for the Legislature to grant the power to private individuals, to be exercised through some action of their own and without the intervention of a judicial officer, to make and issue a decree of court which the court and its officers must respect and enforce. The Legislature may properly provide for the performance by courts of judicial power in a summary manner, but can not take from the courts and lodge elsewhere their power to perform acts strictly judicial.

The most that can be claimed for this statute, Section 8866, General Code, is that it empowers the court, upon the filing of the resolution and acceptance, and upon being satisfied by proof that the resolution of council was duly passed and that the purported acceptance is genuine, to make and spread upon the journal a decree which shall have the effect of a judicial determination that the contract was entered into, and what the terms and conditions of the contract are. But whether the court will enforce the contract after its existence has been established by judicial decree, resort must be had to the rules which govern for the enforcement of contracts. And if the court determines upon the enforcement of the contract, a very wide power is given the court in the selection of the means of enforcement, even to the extent of enjoining the railroad company from running trains over the crossings involved.

The case was heard upon demurrer to the answer of the railroad company, and two questions are presented for determina-

tion; first, should the court by decree declare that the resolution was accepted, and that the resolution and acceptance thereof constitute a valid contract? And, second, does the answer show a good reason why the court should refuse to take summary action for the enforcement of the contract?

I am not prepared to disagree with counsel for the railroad company in their contention that some of the proceedings of the city council relating to the manner and method of constructing the crossings are fatally defective when questioned by property owners whose property may be affected by the omissions of council complained of; but these property holders may waive any objections they are entitled to interpose to the carrying forward of the improvement; and such right on their part to object should not be allowed to avail the railroad company, which is not affected by the defects complained of, as an excuse for avoiding their contract.

I can see no valid reason presented by the answer why the contract should not be established by decree of the court according to the terms and conditions set forth in the resolution of council and accepted by the company; but in my judgment the answer, if true, does present a reason why the court should not employ against the railroad company the drastic power granted by the statute. That is, if the railroad company, acting in good faith and with due diligence, is unable to secure the necessary funds to perform its part of the contract with the city, then the court should not use the extraordinary power granted by said section of the General Code for the reason that if the railroad company is without financial ability to perform, no order that the court can make, or at least ought to make, will supply that ability.

I consider the answer good as against a demurrer, and the demurrer should be overruled.